# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KATHY M. WILLARD,<br><br>Plaintiff,<br><br>v.<br><br>NATURAL RESOURCES<br>CONSERVATION SERVICE,<br><br>Defendant, | Case No. 4:14-cv-00026 RRB<br><br>**ORDER GRANTING<br>DEFENDANT'S MOTION TO<br>DISMISS AT DOCKET 14 AND<br>DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AT DOCKET 17** |

Before the Court at **Docket 14** is Defendant, Natural Resources Conservation Service (NRCS), with a Motion to Dismiss for Failure to Exhaust Administrative Remedies. The Plaintiff responds at **Docket 17** with a Motion for Summary Judgment, with Defendant replying and responding at Docket 21 and Plaintiff replying and responding at Docket 22.

According to the exhibits filed by the parties, Plaintiff has received $55,321 as part of her participation with NRCS in an Environmental Quality Incentive Program (EQIP) whereby Plaintiff received financial assistance in implementing conservation practices on her land, including Irrigation Water Management (IWM). Had the contract been completed to each party's satisfaction, Plaintiff could have received a total of $66,120.

Following a quality review spot check in 2012, disagreement arose between the parties as to whether or not Plaintiff was fulfilling her side of the agreement. NRCS determined that not only was Plaintiff's recordkeeping and documentation insufficient to meet the required standards, but that IWM was not occurring at the farm. Docket 17 at 2-3. Due to the practices and recordkeeping of Plaintiff, NRCS has maintained that it overpaid Plaintiff $4,082.40, while Plaintiff asserts that she is entitled to $8,164.80, the remainder of the contract price. On March 25, 2014, NRCS terminated the contract due to Plaintiff's continued noncompliance. On November 3, 2014, the present litigation was filed. In the present Motion to Dismiss, NRCS asserts that Plaintiff failed to timely appeal the NRCS decision before filing the present litigation.

"Where a statute explicitly requires exhaustion as a prerequisite to judicial review, it should be strictly enforced." *Darby v. Cisneros*, 509 U.S. 137, 153–54 (1993). 7 USC § 6912(e) requires that a plaintiff must exhaust all administrative appeal procedures before bringing suit against the NRCS. This requirement allows the administrative agency in question "to exercise its expertise over the subject matter and to permit the agency an opportunity to correct any mistakes that may have occurred during the proceeding, thus avoiding unnecessary or premature judicial intervention into the administrative process." *Buckingham v. Sec'y of U.S. Dep't of Agr.*, 603 F.3d 1073, 1080 (9th Cir. 2010) (quoting *United Farm Workers v. Ariz. Agric. Employment Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir.1982). Given the clear dispute between the parties in the present mater, proper use of administrative remedies may have resolved this short of litigation or, at a minimum, the Court would have a better record to work with in addressing the parties' dispute.

While 7 USC § 6912(e) "does not limit the district court's subject matter jurisdiction over the plaintiffs' claims," the Court still requires compliance unless the underlying suit alleges "a

constitutional claim which is (1) collateral to a substantive claim of entitlement, (2) colorable, and (3) one whose resolution would not serve the purposes of exhaustion." *McBride Cotton & Cattle Corp. v. Veneman*, 290 F.3d 973, 980-82 (9th Cir. 2002). Plaintiff's complaint alleges no such claim. The Court must then look to what actions Plaintiff took to appeal NRCS's decision, when Plaintiff took action to appeal, and whether Plaintiff was made aware of the administrative remedies available.

According to documents before the Court, filed by NRCS and undisputed by Plaintiff, Plaintiff made three attempts to dispute the actions by NRCS once Plaintiff's request for payment was officially denied on May 15, 2013. Plaintiff's first letter to State Conservationist Robert Jones, dated July 17, 2013, was clearly a request for reconsideration of the decision to withhold payment. However, Plaintiff has not disputed that this request was made 24 days after the 30-day deadline to seek administrative remedies. Following the official termination of the contract on March 25, 2014, Plaintiff sent NRCS another letter on April 4, 2014, which demanded payment under the contract and threatened legal action. While timely, this correspondence did not ask for a review of the adverse decision, nor did it "set out reasons for appeal and include any supporting documentation." 7 C.F.R. § 614.2. Finally, on September 8, 2014, Plaintiff wrote to the USDA National Appeals Division (NAD) to dispute the July 11, 2014, Final Debt Notice she received from the Chief Financial Officer, Controller Operations Division for improper payments received in 2012. This correspondence, while correctly sent to NAD, was untimely and sent far more than 30 days after Plaintiff received notice of the adverse decision. 7 C.F.R. section 11.6(b). 7 C.F.R. § 11.6(b) (2014).

Moreover, Plaintiff was explicitly notified of her rights to seek equitable relief, reconsideration, mediation, or to appeal the decision on four separate occasions in correspondence dated May 15, 2013, February 10, 2014, March 25, 2014, and April 11, 2014. These notices were very clear in not only explaining the types of administrative remedies available to Plaintiff, but also in explaining the manner by which she could exercise these rights and the deadlines for her to do so. Therefore, for the reasons set forth above, and as asserted by NRCS, the Court concludes that Plaintiff did not timely exhaust her administrative remedies and is precluded from proceeding in this litigation.

In regard to Plaintiff's responsive Motion for Summary Judgment, even if the Court found that Plaintiff had exhausted her administrative remedies, there are presently insufficient facts to support summary judgment in Plaintiff's favor. Plaintiff has alleged NRCS breached the EQIP contract by failing to pay Plaintiff for IWM work in 2013. Docket 1. Plaintiff asserts that the blank IWM Job Sheet from 2010, her receipt of payments in previous years, NRCS's emails that acknowledge ambiguity in the IWM plan requirements for Plaintiff, as well as 3 years of identical documentation all support her breach of contract claim. However, Plaintiff has failed to establish what affirmative obligations there were between the parties under the contract. There are clearly some questions raised by the documents submitted by Plaintiff, such as the existence of an actual IWM plan associated with the Job Sheet and what verbal directions were given by the District Conservationist who signed off on the incomplete IWM Job Sheet.

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). Moreover, it is the party moving for summary judgment that bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Because reasonable minds could differ on the material facts at issue, Plaintiff has not met her burden and summary judgment would not be appropriate. *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983).

For the reasons set forth above, NRCS's Motion to Dismiss for Failure to Exhaust Administrative Remedies at **Docket 14** is **GRANTED** and Plaintiff's Motion for Summary Judgment at **Docket 17** is **DENIED**. This matter is therefore **DISMISSED** in its entirety.

**IT IS SO ORDERED** this 14th day of December, 2015.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE